SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, ALMA RODRIGUEZ

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMA RODRIGUEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; WELK RESORT GROUP, INC.; DOES 1-10, <br><br> Defendants. | Case No.: '17CV0509 BEN KSC <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br> 1. **FEDERAL FAIR CREDIT REPORTING ACT,** <br> 2. **CALIF. CONSUMER CREDIT REPORTING AGENCIES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE CALIFORNIA SUPERIOR COURT JUDGE:

   Plaintiff, ALMA RODRIGUEZ, an individual, by and through her attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows.

## INTRODUCTION

1.   ALMA RODRIGUEZ, ("Plaintiff"), by and through her attorneys, brings this Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Defendant EXPERIAN") for failing to process her written dispute and take certain mandatory actions in response thereto, as required by the federal Fair Credit

1
**Complaint for Damages and Injunctive Relief**

1 Reporting Act (15 U.S.C. §§ 1682-1681x) ("FCRA"), as well as against Defendant
2 WELK RESORT GROUP, INC. (hereinafter "Defendant WELK"), for state law cause
3 of action for furnishing inaccurate/incomplete/misleading information in violation of
4 Calif. Civ. Code §1785.25(a) of the California Consumer Credit Reporting Agencies
5 Act ("CCCRAA").

## JURISDICTION & VENUE

2. This action arises out of Defendant EXPERIAN's violations of the FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Jurisdiction arises pursuant to 28 U.S.C. §1367 for supplemental state claims.

3. Because Defendants both regularly conduct business within the State of California, personal jurisdiction is established.

4. Because all tortious conduct occurred while Plaintiff resided in the County of San Diego, City of Oceanside, and witnesses are present within the County of San Diego, venue properly lies in this court pursuant to 28 U.S.C. §1391.

## PARTIES & DEFINITIONS

5. Plaintiff is a natural person whose permanent residence is in the City of Oceanside, County of San Diego, State of California.

6. Defendants both regularly conduct business in the County of San Diego, State of California.

7. Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Federal FCRA and Calif. Civ. Code § 1785.3(b) of the California CCRAA.

8. The causes of action herein partially pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer

credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

9. Defendant WELK is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

10. Defendant EXPERIAN is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1785.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

11. In November 2014, Plaintiff and Defendant WELK entered into an agreement that Defendant WELK would retake possession and ownership of real property that Plaintiff had mortgaged from Defendant WELK, in exchange for WELK releasing any and all further liability of Plaintiff to owe any more monies to WELK upon the mortgage loan.

12. In December 2016, Plaintiff contacted Chase Bank in an attempt to refinance her home mortgage loan for her primary residence with her husband.

13. Plaintiff was advised by Chase Bank that she could not move forward with her refinancing application as a result of her consumer credit reports showing that Defendant WELK was reporting that she still owes a balance of $15,846.00 to WELK upon the account and that she is past due in the amount of $2,582.00 upon the account.

14. After receiving this denial from Chase Bank, Plaintiff contacted WELK in December 2016 and informed them that the credit reporting is still reflecting that she

3
**Complaint for Damages and Injunctive Relief**

owes a past due balance upon the account even though she has been released from any liability of owing upon the account in exchange for WELK taking the property back, and that this manner of reporting is depriving her of the ability to move forward with a refinance application on her home mortgage loan.

15. Despite receiving this information from Plaintiff directly, WELK failed to update the consumer credit reporting to reflect a $0.00 balance owed upon the account.

16. The failure of WELK to delete the information that Plaintiff owes a past due balance upon the account creates the false and misleading impression that she presently owes upon the account to WELK and is presently failing to address her financial obligations to WELK, whereas in reality she did not any longer owe WELK and no longer had any liability to WELK as of November 2014.

17. Plaintiff thereafter obtained her January 2017 consumer credit reports from EXPERIAN and Equifax and confirmed that Defendant WELK has been reporting that she still owes a balance of $15,846.00 to WELK as of December 31, 2014 upon the account and that she is past due in the amount of $2,582.00 upon the account.

18. However, this information is false and inaccurate, because Plaintiff released possession and ownership of the property to WELK prior to December 31, 2014 in exchange for WELK releasing her from any and all liability to owe any further monies to WELK upon the account.

19. Plaintiff caused to be delivered to EXPERIAN a written dispute letter dated January 25, 2017 that specifically indicated that WELK had taken the property and released her from any liability to owe WELK any monies upon the account, and specifically requested that EXPERIAN notify WELK that the tradeline is being disputed and that an investigation must result in the tradeline being deleted.

20. Plaintiff's January 25, 2017 dispute letter to EXPERIAN contained her full name, date of birth, address, and last four digits of her social security number.

21. Tracking information from the U.S. Postal Service certified mail return receipt shows that the dispute letter was delivered to EXPERIAN on February 3, 2017.

4
**Complaint for Damages and Injunctive Relief**

22. By letter dated February 8, 2017, merely five calendar days after EXPERIAN received her dispute letter, EXPERIAN rejected Plaintiff's January 25, 2017 dispute letter claiming that either she provided insufficient information to verify her identity or the information that was provided was not legible.

23. However, the dispute letter was typed and printed, and was entirely legible.

24. Moreover, Plaintiff has confirmed that her consumer credit disclosures maintained and provided by EXPERIAN contain the exact same name, date of birth, address, and last four digits of her social security number that were provided by Plaintiff in her January 25, 2017 letter.

25. Plaintiff is informed and believes that EXPERIAN maintains each consumer file for each consumer under an internal identification number that is uniquely assigned by EXPERIAN, and that all personal identification information (such as name, aliases, address, history of previous addresses, dates of birth, social security numbers, employer, and previous employers) for each individual consumer are connected to the unique internal identification number that EXPERIAN assigns to each consumer.

26. Plaintiff is further informed and believes that any single piece of personal identification information can be used to locate the consumer's credit file, because all of the consumer's personal identification information is associated with the unique internal file number assigned by Defendant.

27. Plaintiff is therefore informed and believes that a complete social security number is not required in order to process any dispute.

28. Plaintiff and her counsel are aware of several other consumers who have received substantially similar dispute rejection letters based on the same improper bases described above.

29. For these reasons, Plaintiff believes that Defendant EXPERIAN has a pattern and practice of improperly rejecting dispute requests on these pretextual bases, in order to reduce its (legally mandated) compliance burden and/or to steer consumers

5
**Complaint for Damages and Injunctive Relief**

to a dispute resolution system which requires that they give up their right to sue in court in favor of arbitration.

30.   Therefore, Plaintiff is informed and believes that EXPERIAN's rejection letter dated February 8, 2017 is based upon false pretenses and was merely an unlawful attempt by EXPERIAN to reduce the number of disputes that it must process in accordance with federal and state laws.

31.   At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant EXPERIAN, pursuant to Calif. Civ. Code § 1785.16 of the California CCRAA (emphasis added):

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, *__the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user__*, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation *__the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information__*. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the

6
**Complaint for Damages and Injunctive Relief**

consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. ***If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file***.

32. At all times during the aforementioned actions, there was in full force and effect the following obligation upon Defendant EXPERIAN, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate*** and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

   (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

   (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

33. Because EXPERIAN received Plaintiff's written dispute on February 3, 2017, EXPERIAN had until March 5, 2017 to comply with its reasonable investigation requirements.

34. Moreover, 15 U.S.C. §1681i(a)(2) required EXPERIAN to notify the furnisher (here, WELK) of the dispute within 5 business days of receiving the notice of dispute, so that the furnisher could also conduct its own reasonable re-investigation of the accuracy of the reporting in response to the consumer's dispute.

35. Moreover, 15 U.S.C. §1681i(a)(5)(A), EXPERIAN was required to promptly delete any information that is found to be inaccurate, incomplete, or cannot be verified.

36. Moreover, 15 U.S.C. §1681i(c), EXPERIAN was required to mark as "disputed" any information that the consumer disputes but is not deleted.

37. All of EXPERIAN's required actions were to have been completed by March 5, 2017.

38. By failing to take any of the mandatory actions, Plaintiff has therefore been deprived of the protections to which she is entitled by the FCRA and the Calif. CCRAA.

39. In particular, by failing to take any of the mandatory actions, Plaintiff has therefore been deprived of her right to have EXPERIAN notify WELK of the dispute, including her right for both Defendants to conduct a reasonable re-investigation of the information subject to Plaintiff's dispute and to thereafter either modify, update, or delete the inaccurate information.

40. Moreover, as a result, Plaintiff has been delayed even further in her ability to move forward with her attempts to refinance her home mortgage loan with Chase Bank.

41. Plaintiff has also been forced to endure a lower credit score, because the credit scoring models exact a more impacting weight upon accounts with an active derogatory balance owed as compared to accounts with a $0.00 balance owed.

8
**Complaint for Damages and Injunctive Relief**

42. Upon information and belief, Defendants' violations of the above are willful, because Defendant knowingly and deliberately ignored its obligation to delete the negative tradeline and deliberately refused to request such deletion upon being notified by Trans Union of Plaintiff's written dispute.

43. As a result, Plaintiff has suffered actual damages by way of loss of credit opportunity, denial of credit, reduction in credit score, as well as mental anguish and emotional distress such as nervousness, embarrassment, loss of sleep, and feelings of distraught and helplessness.

**FIRST CAUSE OF ACTION**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681i**
**(as against Defendant EXPERIAN only)**

44. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

45. Plaintiff submitted a written dispute to the consumer credit reporting agency EXPERIAN dated January 25, 2017, which was received by EXPERIAN on February 3, 2017.

46. In this letter, Plaintiff specifically explained that an agreement between her and WELK required WELK to delete the tradeline, and specifically requested that EXPERIAN inform WELK of the dispute and to request that WELK conduct an investigation therein and to then delete the tradeline.

47. However, Defendant EXPERIAN failed to comply with its requirements under 15 U.S.C. §1681i(a)(2) by failing to inform WELK of the dispute within 5 business days.

48. Moreover, EXPERIAN failed to comply with its requirements under 15 U.S.C §1681i(a)(1)(A) by failing to conduct a reasonable re-investigation within 30 days.

49. Moreover, EXPERIAN failed to comply with its requirements under 15

U.S.C. §1681i(a)(5)(A) by failing to promptly delete the information found to be inaccurate, incomplete, or cannot be verified.

50.  Moreover, EXPERIAN failed to comply with its requirements under 15 U.S.C. §1681i(c) by failing to mark as "disputed" the disputed information.

51.  Plaintiff is informed and believe that EXPERIAN's violations were negligent at a minimum, because a reasonable person would have simply processed the dispute as required by law, yet Defendant failed to undertake that simple task.

52.  Plaintiff is also informed and believes that EXPERIAN's violations were willful, in that EXPERIAN certainly knows of its obligations under 15 U.S.C. §1681i, EXPERIAN has been sued hundreds (if not thousands) of times throughout the nation for violations of 15 U.S.C. §1681i, EXPERIAN has been the subject of multiple judgments for violations of 15 U.S.C. §1681i, yet EXPERIAN disregarded a high degree of risk that its refusal to simply process the dispute as required by law would result in the information remaining on Plaintiff's credit reports and continuing to the basis for denials of credit.

53.  As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

### SECOND CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16
### (as against Defendant EXPERIAN only)

54.  Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

55.  Defendant EXPERIAN violated Calif. Civ. Code § 1785.16 of the California CCRAA when it failed to conduct a reasonable investigation into Plaintiff's written dispute.

56.  Plaintiff is informed and believe that EXPERIAN's violations were negligent at a minimum, because a reasonable person would have simply processed the

dispute as required by law, yet Defendant failed to undertake that simple task.

57. Plaintiff is also informed and believes that EXPERIAN's violations were willful, in that EXPERIAN certainly knows of its obligations under §1785.16, EXPERIAN has been sued hundreds (if not thousands) of times throughout the State of California for violations of §1785.16, EXPERIAN has been the subject of multiple judgments for violations of §1785.16, yet EXPERIAN disregarded a high degree of risk that its refusal to simply process the dispute as required by law would result in the information remaining on Plaintiff's credit reports and continuing to the basis for denials of credit.

58. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

## THIRD CAUSE OF ACTION
**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**Calif. Civ. Code § 1785.25**
**(as against Defendant WELK only)**

59. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

60. As the furnisher of information to credit reporting agencies, Defendant WELK is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRAA.

61. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

62. Defendant WELK violated its obligations under Section 1785.25(a) of the Calif. CCRAA by reporting that, as of December 31, 2014, Plaintiff owed a negative

11
**Complaint for Damages and Injunctive Relief**

balance upon the account when in reality she had been released from any obligation to owe upon the account prior to December 31, 2014, and then thereafter failing to delete the reporting after Plaintiff specifically informed them of how the false reporting was causing her damages in December 2016.

63. Such false and inaccurate reporting has caused Plaintiff actual damages as explained in the statement of facts above.

64. Plaintiff is informed and believes that Defendant WELK's violations were negligent at a minimum, but were willful in that WELK acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness.

65. This cause of action is not pre-empted by the Federal FCRA, because 15 U.S.C. § 1681t(b)(1)(F)(ii) explicitly saves from pre-emption any cause of action for violation of §1785.25(a)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants individually, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $75,000.00 from all Defendants jointly and severally, or as the jury may allow;

2. Plus punitive damages of $5,000.00 for each individual willful violation of the Calif. CCRAA, as against each Defendant individually, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

3. Plus statutory damages of $1,000.00 for each individual willful violation of the Federal FCRA, as against Defendant EXPERIAN only, pursuant to 15 U.S.C. §1681n(a)(1)(A);

4. Plus punitive damages in an amount to be determined by a jury for willful violations of the Federal FCRA, as against Defendant EXPERIAN only, pursuant to 15 U.S.C. §1681n(a)(2);

5. Injunctive relief to order Defendants to remove the account from Plaintiff's consumer credit reports, pursuant to Calif. Civ. Code § 1785.31(b);

6. Any reasonable attorney's fees and costs to maintain the instant action.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                      SEMNAR & HARTMAN, LLP

DATED: 3/14/17                       /s/ *Jared M. Hartman*
                                              JARED M. HARTMAN, ESQ.
                                              Attorneys for Plaintiff